UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LIZBETH YBARRA, individually,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Foreign Corporation; DOE EMPLOYEES; DOE MANAGERS; DOES 1 – XX, inclusive; and ROE CORPORATIONS I – XX, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00639-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**RE: ECF No. 15**<br><br>**Plaintiff's Motion to Amend** |

Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint. ECF No. 15. The Court considered Plaintiff's Motion, Defendant's Opposition (ECF No. 17), and Plaintiff's Reply (ECF No. 18).

**I.   BACKGROUND**

This case commenced on February 27, 2023 when Plaintiff filed suit against Defendants Walmart, Inc. ("Walmart"), Doe Employees, Doe Managers, and Roe Corporations in the Eighth Judicial District Court of Clark County, Nevada. ECF No. 1-2. On April 25, 2023, Walmart removed the case to federal court. ECF No. 1.

Plaintiff asserts that on or about March 2, 2021, while shopping at a Walmart store, a metal bar broke off a shelving unit and several boxes of shoe organizers struck Plaintiff in the face. ECF No. 1-2 at 15. Plaintiff claims she sustained serious injuries as a result that "caused [her] to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature." ECF No. 1-2 at 7, 8, 10, 12, 14. Plaintiff claims that as a result she has incurred expenses for medical care and treatment, and may incur additional medical care and treatment expenses in the future. ECF No. 1-2 at 7, 9, 11, 12, 14.

## II. PARTIES' MOTIONS AND RESPONSES

Plaintiff seeks to add Ronaldo Dabajo ("Dabajo") as an additional defendant in this case. ECF No. 15 at 2.[1] Plaintiff argues Walmart produced Dabajo's witness statement with its initial disclosures showing he, as a Walmart employee, attempted to fix the broken shelving fixture or put it back in place on the day of incident at issue in this case. *Id.* at 4. Plaintiff argues Dabajo's actions demonstrate he should be added as a defendant. *Id.* The Court notes Plaintiff previously filed a Motion to Remand alleging a lack of complete diversity based on her belief that Doe employees (including managers), who would be added in the future, are residents of Clark County, Nevada. ECF No. 5.

Walmart responded to Plaintiff's Motion to Amend admitting that Dabajo was acting in the course and scope of his employment at the time of the incident, but contends adding him is futile. ECF No. 17 at 4-5. Walmart contends that because Plaintiff asserts no claims directly against Dabajo, she has no chance of success against him and, thus, proposes a fraudulent joinder. *Id.* at 5-6. In reply, Plaintiff argues joinder of Dabajo is proper because the claims against him and Walmart arise out of the same transaction and occurrence; that is, Dabajo's alleged negligence "in inspecting, maintaining, stocking, and/or placing the broken shelving units in the aisle of the premises." ECF No. 18 at 4.[2]

## III. DISCUSSION

   a. <u>The Law</u>.

While Federal Rule of Civil Procedure 15 typically governs requests to amend, a request for post-removal joinder of a party that will destroy diversity of citizenship must be analyzed under 28 U.S.C. § 1447(e), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637

---

[1] The parties dedicate significant briefing to the issue of whether Dabajo is a current or former employee. ECF Nos. 17 at 4, n. 1, 18 at 2-3. However, neither party disputes that Dabajo was Walmart's employee at the time of the subject incident. The relevant inquiry is the "employee's status at the time of the incident." *Kornton v. Conrad, Inc.*, 119 Nev. 123, 125, 67 P.3d 316, 317 (2003). Whether Dabajo remains a Walmart employee today is irrelevant.

[2] Plaintiff also argues other district courts in the Ninth Circuit have found an absence of fraudulent joinder in similar contexts. ECF No. 18 at 3-4. However, all of the cases Plaintiff cites are distinguishable because they considered California not Nevada law.

Fed.Appx. 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint .... The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e)."); *Lieberman v. Wal-Mart Stores, Inc.*, Case No. 2:12-cv-1650 JCM (PAL), 2013 WL 596098, at *1 (D. Nev. Feb. 15, 2013) (citations omitted). Analysis under § 1447(e) requires higher scrutiny than standard amendment under Federal Rule of Civil Procedure 15. *Lieberman*, 2013 WL 596098, at *1 (citation omitted). Courts have broad discretion when deciding whether to permit diversity destroying joinder. *3WL, LLC v. Master Protection, LP*, 851 Fed.Appx. 4, 7 (9th Cir. 2021); *Glaster v. Dollar Tree Stores, Inc.*, Case No. 2:15-cv-00252-MMD-VCF, 2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016).

Analysis of a motion brought under § 1447(e) includes the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant.

*Lieberman*, 2013 WL 596098, at *1 (internal citations omitted). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Id.* citing *Yang v. Swissport USA, Inc.*, Case No. C 09–03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. 2010).

B.   Analysis of Plaintiff's Motion.

1.   Just Adjudication

Federal Rule of Civil Procedure 19(a) "requires joinder of persons whose absence would preclude the grant for complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Lieberman*, 2013 WL 596098 at *2. Here, Walmart admits that Dabajo was acting within the course and scope of his employment at the time of the accident and if Dabajo was negligent Walmart is vicariously liable for Dabajo's actions. ECF No. 17 at 4-5.[3] When an employer is vicariously liable for its

---

[3]   In support of her Motion, Plaintiff argues there will be common questions of law regarding both Walmart and Dabajo such as whether Dabajo acted within the scope of his employment. ECF No. 18 at 4-5. Because Walmart admits that Dabajo was acting within the scope of his employment, this is not a contested issue of law or fact.

3

employee, "the employee is not necessary to the litigation." *Lopez v. Kroger Co.*, Case No. 2:16-cv-02457-KJD-PAL, 2017 WL 3142471, at *2 (D. Nev. July 24, 2017) (internal citation omitted). Simply stated, in this circumstance, Dabajo is not a necessary party whose absence would prevent Plaintiff from obtaining complete and adequate relief. *Hendricks v. Wal-Mart Stores, Inc.*, Case No. 2:06-cv-01439-RLH-GWF, 2007 WL 9728755, at *2 (D. Nev. Feb. 9, 2007).

### 2.  *Statute of Limitations*

"Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court." *Lieberman*, 2013 WL 596098 at *3 (internal citations omitted). Under NRS 11.190(4)(e), there is a two-year statute of limitations for commencing an action involving injury to a person caused by neglect of another. Because events at issue in this case took place on or about March 2, 2021 (ECF No. 1-2 at 5), the statute of limitations has run for separate claim against Dabajo in state court. Moreover, as stated, Walmart admits it will be vicariously liable if Dabajo was negligent while acting within the course and scope of his employment at the time of the accident. ECF No. 17 at 4-5. Further, neither party disputes Walmart, a large corporate defendant, is capable of satisfying the judgment Plaintiff seeks. For these reasons, this factor does not weigh in Plaintiff's favor. *Pasiecznik v. Home Depot U.S.A., Inc.*, Case No. 2:20-CV-02202-RFB-BNW, 2021 WL 4272699, at *4 (D. Nev. Aug. 3, 2021), *report and recommendation adopted*, No. 2:20-CV-02202-RFB-BNW, 2021 WL 4268440 (D. Nev. Sept. 19, 2021) (properly denying a motion to amend when the statute of limitations has run, an existing corporate defendant admits it will be vicariously liable for a proposed employee's potential negligence, and the defendant can satisfy any judgment the plaintiff is awarded).

### 3.  *Untimely Delay*.

The Court considers whether an amendment to add a party is timely. *Liberman*, 2013 WL 596098 at *4. There is no dispute that Plaintiff learned Dabajo's name on July 14, 2023 when Walmart served its initial disclosures. ECF No. 15 at 3. Although Plaintiff waited almost two months to file the instant Motion to Amend, she still filed her Motion before the October 24, 2023

deadline to add parties. ECF No. 15; ECF No. 13 at 2. The Court notes that Walmart does not allege that Plaintiff's Motion was untimely made. Thus, Plaintiff timely seeks to amend her Complaint.

                    4.      *Motive for Joinder*.

"[A] trial court should look with particular care at … [the] motive in removal cases[] when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980); *Valdes v. Smith's Food & Drug Centers, Inc.*, Case No. 2:19-CV-01313-JCM-DJA, 2019 WL 13214705, at *2 (D. Nev. Oct. 4, 2019). Plaintiff says she is not adding Dabajo to destroy diversity, but because his actions contributed to her injury. ECF No. 15 at 4. Nonetheless, before Plaintiff filed the instant Motion, she filed a Motion to Remand on the sole basis that Doe employees (including managers) were residents of Clark County, Nevada. ECF No. 5. Given the dovetailing of Plaintiff's arguments in her Motion to Remand and Motion to Amend, there is little doubt that Plaintiff's request to add Dabajo to the Complaint is tied to her desire to remand this case.

At the risk of redundancy, because Walmart admits vicarious liability if Dabajo was negligent, adding Dabajo as a defendant adds nothing to avenues for Plaintiff's relief. Instead, the sole benefit Plaintiff gains by naming Dabajo is bolstering her Motion to Remand. These facts support the Court's finding that Plaintiff seeks to join Dabajo for the purpose of defeating diversity.

                    5.      *Prejudice to Plaintiff*.

Prejudice to Plaintiff cannot be demonstrated given that; (1) Walmart admits that if Dabajo was negligent while acting in the course and scope of his employment, Walmart is vicariously liable for his actions; and (2) neither party disputes that Walmart could satisfy the judgment Plaintiff seeks. When an employer acknowledges it could be liable for potentially tortious actions of its employees under respondeat superior and has the financial resources to satisfy a potential judgment, the prejudice to a plaintiff arising from denying a motion to add an individual defendant is diminished. *Sanchez by & through Gomez v. Target Corp., LLC*, Case No. 2:21-cv-00058-KJD-DJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021). The Court finds no prejudice to Plaintiff arises from denying her Motion to add Dabajo as a defendant.

5

      6.    *Merit of Claims*.

Plaintiff's proposed amended complaint alleges Walmart "is vicariously liable for Defendant [Dabajo's] actions and omissions at all relevant times under the doctrine of *respondeat superior*." ECF No. 15-4 at 2. The quoted portion of this statement is not disputed. ECF No. 17 at 4-5. Because any successful claim Plaintiff has against Dabajo are Walmart's responsibility, Mr. Dabajo is not a necessary party for Plaintiff to achieve full relief.

      c.    <u>Conclusion</u>.

Walmart admits that if its employee was acting in the course and scope of employment and the Walmart employee is found negligent, Walmart is responsible for the conduct under respondeat superior. There is no dispute Walmart can satisfy any judgment rendered. Under these circumstances, the Court finds Plaintiff's motive for adding a defendant who will, without doubt, destroy diversity, fails the higher scrutiny test brought to the circumstances.

## IV. RECOMMENDATION

Accordingly, based on the foregoing IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 15) be DENIED.

Dated this 20th day of November, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).