**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LIZETH YBARRA, | ) |
|                Plaintiff, | ) Case No.: 2:23-cv-00639-GMN-EJY |
| vs. | ) |
| WALMART, INC., | ) **ORDER ADOPTING R&R AND** |
|                Defendant. | ) **DENYING MOTION TO REMAND** |

Pending before the Court is the Motion to Remand, (ECF No. 5), filed by Plaintiff Lizeth Ybarra. Defendant Walmart, Inc. filed a Response, (ECF No. 7), to which Plaintiff filed a Reply, (ECF No. 8).

Also pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 23), of United States Magistrate Judge Elayna J. Youchah, which recommends denying Plaintiff's Motion for Leave to File Amended Complaint, (ECF No. 15). Plaintiff filed an Objection, (ECF No. 24), to the R&R.

For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's R&R, **DENIES** Plaintiff's Objection, **DENIES** Plaintiff's Motion for Leave to File Amended Complaint, and **DENIES** Plaintiff's Motion to Remand.

### I.    BACKGROUND

This case arises from an incident during which Plaintiff was struck in the face by a metal bar while shopping in the home organization aisle of a Wal-Mart store in North Las Vegas, Nevada. (Compl. ¶¶ 10–14, Ex. A to Pet. Removal, ECF No. 1-2). A metal bar holding multiple shoe organizers broke, injuring Plaintiff. (*Id.*).

Plaintiff originally filed her Complaint in the Eighth Judicial District Court for Clark County, Nevada, against Defendant and unidentified "Roes" and "Does." (*See generally id.*).

Defendant subsequently removed the case to this Court. (*See* Pet. Removal, ECF No. 1). In its Petition for Removal, Defendant alleged that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 14). Plaintiff then moved to remand. (Mot. Remand, ECF No. 5).

Several months later, Plaintiff filed a Motion for Leave to File Amended Complaint. (Mot. Amend, ECF No. 15). Her proposed amended complaint would add Ronaldo Dabajo as a defendant. (*Id.* 2:8–9). Specifically, the proposed amended complaint alleges that Dabajo was acting within the course and scope of his employment at Wal-Mart and was responsible for overseeing the area in which Plaintiff was injured. (Proposed Am. Compl. ¶ 4, ECF No. 15-4). The Magistrate Judge recommends denying the Motion for Leave to File Amended Complaint because adding Dabajo as a defendant would not provide Plaintiff with additional avenues of relief, and because Plaintiff seeks to add this new defendant for the purpose of defeating diversity.

## II.    OBJECTIONS TO R&R

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. L. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. L. R. IB 3-2(b).

Reviewing the Magistrate Judge's findings *de novo*, the Court agrees with the Magistrate Judge's recommendation. District courts have discretion to deny or permit joinder that destroys diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When ruling on a motion that would destroy diversity jurisdiction, courts may consider the following factors:

> (1) [W]hether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; [and] (6) the strength of the claims against the new defendant.

*Lieberman v. Wal–Mart Stores, Inc.*, No. 2:12–cv–1650–JCM-PAL, 2013 WL 596098, at *2 (D. Nev. Feb. 15, 2013) (quoting *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002)). Because Dabajo was allegedly acting within the course and scope of his employment, Dabajo is not needed in this litigation. *See Lopez v. Kroger Co.*, Case No. 2:16-cv-02457-KJD-PAL, 2017 WL 3142471, at *2 (D. Nev. July 24, 2017) ("When allegations against an employee are entirely connected to their employment with a vicariously liable business, the employee is not necessary to the litigation."). And considering Plaintiff's pending Motion to Remand, Plaintiff appears to seek joinder solely to defeat federal jurisdiction. Even if some of the factors do not weigh expressly against joinder, such as Plaintiff's timely filing of the Motion to File Amended Complaint, the Court finds, in its discretion, that joinder is not permissible in this instance.[1] Accordingly, the Court **ACCEPTS and ADOPTS** the Magistrate Judge's R&R and **DENIES** Plaintiff's Motion to File Amended Complaint.

### III. MOTION TO REMAND

Having denied Plaintiff leave to amend, the Court will now address her Motion to Remand the case back to state court.

///

---

[1] Plaintiff further argues that joinder should be permitted because Defendant may have withheld the identity of the Doe employees named in the original complaint. (Obj. 2:21–25). But Plaintiff did not present any evidence that Defendant acted in bad faith. Moreover, the Court does not agree with Plaintiff that the federal court acts as a "home court" advantage for Defendant, prejudicing Plaintiff. The Court is not persuaded that joinder should be permitted.

### A. Legal Standard

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

In determining whether an action is removable based on diversity of citizenship, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994). However, "[n]umerous courts have recognized that 'when a plaintiff's allegations give a

definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as the company's agent, the court should consider the citizenship of the fictitious defendant.'" *Velarde v. Smith's Food & Drug Centers, Inc.*, No. 2:18-cv-1389-JCM-NJK, 2018 WL 6191398, at *2 (D. Nev. Nov. 27, 2018) (quoting *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017). This is because it is "unfair to force plaintiffs from their state court forum into federal court by allowing [a defendant] to plead ignorance about the defendant-employee's identity and citizenship when [a corporate defendant] is in a position to know that information." *Sandoval v. Republic Servs., Inc.*, No. 2:18-cv-01224-ODW-KSX, 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (quoting *Collins*, 2017 WL 2734708, at *2).

**B. Discussion**

The parties do not dispute that the amount in controversy requirement is met. (Mot. Remand 2:17–18); (Resp. 3:26–27). Accordingly, the Court need only determine whether complete diversity of citizenship exists.

Plaintiff is a citizen of Nevada. (*See* Compl. ¶ 1, Ex. A to Pet. Removal). Defendant is incorporated in the state of Delaware and maintains its principal place of business in Arkansas. (Pet. Removal ¶18); (*see also* Compl. ¶ 2, Ex. A to Pet. Removal (identifying Defendant as a "Foreign Corporation.")). Thus, complete diversity exists between the named parties.

At issue is whether the "Doe Employees" and "Doe Managers" named in the Complaint destroy diversity. (Resp. 4:1–5); (Mot. Remand 6:1). As the employees of a Wal-Mart located in North Las Vegas, Nevada, these Doe defendants are presumably Nevada citizens. (Mot. Remand 6:1–4).

As a general rule, the Court does not consider the citizenship of fictitious parties. 28 U.S.C. § 1441(b)(1). Nonetheless, Plaintiff contends the "Doe Employees" and "Doe Managers" destroy complete diversity. (Mot. Remand 6:2–7); (Reply 2:11–14). Indeed, some

courts have carved out an exception to the general rule when a defendant-corporation is in a position to know the identity and citizenship of a defendant-employee yet pleads ignorance in an attempt to maintain federal jurisdiction. *See Velarde*, 2018 WL 6191398 at \*2. But in such cases, courts require that the state court complaint provide sufficient identifying allegations about the fictitious defendants. *Id.* (finding that allegation identifying Doe 1 defendant as employee that rolled meat cart over plaintiff's foot and Doe 2 defendant as Doe 1's supervisor sufficient to require court to consider Does 1 and 2's citizenship for jurisdiction purposes).

Here, the Complaint does not include identifying information about the Doe defendants. (*See generally* Compl.). Plaintiff simply alleges that the Doe Employee was responsible for maintaining the area in which Plaintiff was injured and for warning patrons of potential hazards, along with other vague allegations concerning the job duties and responsibilities that could apply to any employee. (*See* Compl. ¶ 3). Without specific identifying information, the Court cannot consider the citizenship of a fictitious defendant. Even though Plaintiff now knows the identity of one of the Doe defendants, the Court did not permit Plaintiff to join him as a defendant. Accordingly, the fictitious defendants named in the Complaint do not break diversity, and remand would be improper. The Court **DENIES** Plaintiff's Motion to Remand.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 5), is **DENIED.**

**IT IS FURTHER ORDERED** that that the Report and Recommendation, (ECF No. 23), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Amended Complaint, (ECF No. 15), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the R&R, (ECF No. 24), is **DENIED**.

**DATED** this __29__ day of December, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT